IN RE ESTATE OF MAY HILL.

FLORENCE GRAVES, Claimant, Appellee, v. C. N. WOOD et al., Objectors, Appellants.

No. 44255.

528

SEPTEMBER 27, 1938.

Walter I. Wolfe, for appellants.

Havens & Evans, for appellee.

DONEGAN, J.—The questions presented on this appeal arise in connection with two claims filed by Florence Graves against the estate of May Hill, deceased. May Hill died December 4, 1930, leaving a will in which W. N. Graves, the husband of Florence Graves, was named as executor. Upon the probate of the will W. N. Graves was appointed executor and on September 10, 1931, gave notice of his appointment. On September 6, 1932, the claims here involved were filed in the office of the clerk of the district court. One of these claims is for $1,050.30 for personal services alleged to have been performed by Florence Graves for the decedent, and the other claim, in the sum of $2,760.80, is for personal services alleged to have been performed by W. N. Graves for the decedent. This latter claim was assigned by W. N. Graves to Florence Graves and both claims were filed by her.

Nothing appears to have been done in connection with these claims until January 18, 1937, when W. N. Graves, executor, filed an application alleging that he had allowed and approved these claims and asking an order of court confirming such allow-

ance and approval. An answer and objections to this application was filed by C. N. Wood and the other objectors named in the title hereof. C. N. Wood is the surviving spouse, and the other objectors are the children of May Wood, who was a beneficiary under the will of the decedent, May Hill. The claimant filed a reply to such answer and objections and, on hearing before Judge E. M. Miller, it was held that, under section 11968, W. N. Graves, the executor, had such interest in the claims that the approval of same by him should be set aside, and it was ordered that C. W. Kellogg be appointed temporary administrator to make investigation of these claims and report his findings to the court.

The temporary administrator filed a report, in which he stated that he had investigated the claims but was unable to state whether anything should be allowed thereon, that he could not recommend the approval of either of said claims, and that he, therefore, disapproved the same. The claimant, Florence Graves, filed objections to the report of the temporary administrator, in which she alleged that the order appointing such temporary administrator was without jurisdiction and void, and asked that the report be rejected and the appointment of the temporary administrator be vacated and set aside. Hearing was had on the report of the temporary administrator and the objections of claimant thereto, and an order was entered by Judge E. M. Miller overruling the claimant's objections. This order expressly provided, however, that such ruling was not an adjudication that the claims were disallowed, and stated that claimant "may, if she desires, have said claims heard as provided by section 11963 of the Code." This section provides that a claim filed, but not fully admitted by the executor or administrator, may be heard by the court or submitted to a jury.

Following this order, a hearing on said claims was held before Judge Brown on September 2, 1937. The abstract states that at this hearing it was stipulated in open court that law questions involved in paragraph 2 of the objectors' answer and objections filed January 25, 1937, would be tried first, and that the executor and claimant would have the right to file reply to such answer in conformity with proof that might be offered at the hearing. Testimony of W. N. Graves, executor, and of C. N. Wood, objector, was received at such hearing, and, on September 3, 1937, claimant filed a reply to objections to claim. We

are unable to tell from the record set out in the abstract when the cause was argued and submitted. According to a statement contained in appellee's argument, it was argued and submitted on September 8, 1937, and the submission was "with leave granted to the parties to file additional pleadings in conformity with the evidence." In any event, both parties continued to file pleadings subsequent to that date. On September 9, 1937, the objectors, C. N. Wood et al., filed an amendment to answer and objections to allowance of claims. On September 13, 1937, claimant, Florence Graves, filed an answer and resistance to the amendment to answer and objections filed by C. N. Wood et al. And on September 13, 1937, the objectors, C. N. Wood et al., filed a reply to answer and resistance of the claimant, Florence Graves. On the same day, the trial court entered an order overruling the objections of C. N. Wood et al., and it is from this order that the objectors have appealed to this court.

Paragraph 2 of the answer and objections to the allowance of the claims, which it was stipulated should be tried first, is as follows:

"That said claims were not filed until the 6th day of September, 1932, and have never been legally allowed and approved by this court and no notice of hearing thereon was served on any party interested in said estate asking for the allowance of said claims within the time provided by law for filing and proving of claims against estates; that said claimants and each of them are now barred and estopped from having a hearing on said claims by the statute of limitations as made and provided by the Code of Iowa fixing time in which claims against estates may be filed and notice of hearing thereon served."

It is the contention of the appellants that the order entered by Judge Miller, on the hearing of the executor's application and the answer and objections of C. N. Wood et al., contained an adjudication that the executor had such an interest in the claims that, under section 11968, he could not serve in any manner connected therewith, and that, therefore, the approval and recommended allowance of said claims, and the waiver of the notice of hearing, alleged to have been made, were void and of no effect, and that the said claims were barred by section 11972, because of the failure to file such notice of hearing.

Such order of Judge Miller does state that, because of the

interest of the executor in said claims, he should not serve in any manner in connection with the approval thereof, but, so far as we can find, there is nothing in such order that could be held to be an adjudication that the executor would not have authority to waive the notice of hearing on the claims, or that the claims were barred. In the very order referred to it is stated that the court was not in any way passing upon the legality or merits of the claims, or to any objection to their approval in the further consideration thereof by the court; and, in the order entered by Judge Miller on June 18, 1937, overruling the objections of the claimant to the report of the temporary administrator, he states that ''this ruling shall not be an adjudication to the effect that the claims of Florence Graves are disallowed, but said Florence Graves may, if she desires, have said claims heard as provided in section 11963 of the Code.''

Appellants contend, however, that, under the stipulation entered into, the only questions to be heard and determined at the hearing on September 2, 1937, were the law questions involved in paragraph 2 of the answer and objections to the allowance of the claims; that such law questions were, whether the executor had such an interest in the claims as invalidated any action of his in connection therewith, and, whether, for that reason, the alleged waiver of notice of hearing by him could relieve the claimant from the bar of the statute; and that this precluded the court from considering or determining the existence of peculiar circumstances entitling the claimant to equitable relief under section 11972. In the order entered by Judge Brown, however, he finds that said claims ''were assigned for trial at this term under an agreement of counsel that the question as to whether said claims or either of them were barred was to be first and separately submitted to and decided by the court and that the matter now before the court for decision is under agreements limited to the sole question afore-mentioned.''

It may be conceded that, if it was beyond the power of the executor to waive the service of notice of hearing under any circumstances, then it was not waived, even though he advised the claimant that he would waive it. As we understand the objectors' argument, however, they do not contend that an executor could never, under any circumstances, waive the service of the notice of hearing. Their contention is that, if the executor has such an interest in a claim, as is contemplated by section

11968 of the Code, "he shall not serve in any manner connected therewith"; and that, because Judge Miller's order found that the executor "has such interest in said claims that in accordance with section 11968 of the Code of Iowa he should not serve in any manner connected with the approval of said claims," the executor could not, in this case, act in any manner in connection with said claims, even to the extent of waiving notice of hearing thereon. Much time is spent in argument and many cases cited by both parties, but neither of them has cited and we have been unable to find any decision of this court on the precise proposition thus presented. An examination of the decisions of other jurisdictions furnishes no decided support for either side of the question, because we have found no decision involving a statute with substantially the same provisions contained in ours, and even as to statutes having somewhat analogous provisions the pronouncements of the courts of different jurisdictions are in hopeless conflict.

In the view we take of this case, however, it is not necessary to decide this precise proposition. In our opinion the trial court was not restricted to a hearing and determination of the purely legal questions only, which are here insisted upon by the appellants. A consideration of the whole record, including the previous orders of Judge Miller, the stipulation entered into, the evidence received and the pleadings filed, leads us to the conclusion that the hearing before Judge Brown was for the purpose of first determining whether or not the claims here involved were barred, under the provisions of section 11972, because of the failure to serve notice of hearing on said claims within the time provided; that such hearing also involved the determination of whether, if said claims were barred because of the failure to file such notice of hearing, there were peculiar circumstances connected with the claims and the failure to serve notice of hearing thereon which would entitle the claimant to equitable relief from the bar of the statute; and that all of these matters were to be tried and determined at this hearing before Judge Brown, and only the proving of the claims was to be left for a later hearing, if the court found that the claims were not barred. We are further satisfied that the evidence presented at this hearing was such that the trial court could have found therefrom, that both claims were presented to the executor within six months after he gave notice of his appointment; and that the executor told the

claimant that he had knowledge of the matters on which the claims were based, that the claims would be allowed, and that it would not be necessary to serve notice of hearing thereon. The claims themselves were filed in the office of the clerk of the district court before the expiration of the twelve months period allowed for filing same, and, even if the executor did not have the power to waive the notice of hearing, we think the trial court could properly find that the matters above referred to were sufficient to constitute peculiar circumstances entitling the claimant to equitable relief from the bar of the statute. While it may be conceded that there are many things connected with these claims which might well arouse suspicion, all such matters are properly for consideration in connection with the trial of these claims upon their merits.

Finding no error in the order of the trial court from which the appeal is here taken, said order is hereby affirmed.—Affirmed.

SAGER, C. J., and ANDERSON, KINTZINGER, RICHARDS, and HAMILTON, JJ., concur.

MILLER, J., takes no part.